**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 77-20014-JAR-1 |
| JAMES DEWAYNE BARNETTE, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant James Dewayne Barnett's[1] Motion for

Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 140).  The motion is fully briefed,

and the Court is prepared to rule.  For the reasons provided below, the Court dismisses the

motion for lack of jurisdiction.

## I.    Background

On July 5, 1977, a jury sitting in the District of Kansas convicted Barnett of kidnapping,

in violation of 18 U.S.C. § 1201; assault, in violation of 18 U.S.C. § 113(a); and maiming, in

violation of 18 U.S.C. § 114.[2]  On August 9, 1977, United States District Judge Earl E.

O'Connor sentenced Barnett to life imprisonment on the kidnapping count, a 20-year term of

imprisonment on the assault count, and a 7-year term of imprisonment on the maiming count,

with each sentence to run concurrently.[3]  These sentences were ordered to run consecutively to

---

[1] Barnett's last name is spelled "Barnette" in the case caption and the Superseding Indictment.  According to Barnett's compassionate release filings, *see* Docs. 117, 125, and 140, the Bureau of Prisons' records, *see* Docs. 117-1, 124-1, 128-1, and the Presentence Investigation Report, the correct spelling of his name is "Barnett."  The Court therefore uses "Barnett" in this Order.

[2] Doc. 36.

[3] Doc. 45.  Although Barnett was 21 years old on the date of conviction, Judge O'Connor found that "he would not benefit from handling under the Federal Youth Corrections Act."  *Id.*

the 10-year sentence Barnett was then serving for a prior conviction for sodomy and intent to commit rape.[4]

Less than a decade later, on August 7, 1985, Barnett pleaded guilty in the Western District of Oklahoma to assaulting a correctional officer with a deadly weapon at FCI El Reno, in violation of 18 U.S.C. §§ 111 and 1114.[5]  He was sentenced to a 10-year term of imprisonment, to run consecutively "to any other sentence imposed."[6]

Barnett is incarcerated at FCI Butner in Butner, North Carolina.  He has no projected release date.

On March 8, 2021, Barnett filed a motion requesting compassionate release on the ground that the combination of his medical conditions place him at an increased risk for severe illness from COVID-19.[7]  The Court denied that motion, and the Tenth Circuit affirmed.[8]

Defendant has now filed a second motion for compassionate release, citing his advanced age, medical conditions, and rehabilitation.

## II.    Legal Standard

"'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One such exception is contained in § 3582(c)(1)."[9]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[10] permits a court to reduce a term of imprisonment "upon motion of the

---

[4] *Id.*

[5] W.D. Okla. Case No. 85-00188.

[6] *Id.*

[7] Doc. 117.

[8] Docs. 133, 139.

[9] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[10] Pub. L. No. 115-391, 132 Stat. 5194.

defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[11]  The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[12]  If the court grants the motion, however, it must address all three steps.[13]

## III.    Discussion

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that the Government may waive or forfeit.[14]  But when "properly invoked," mandatory claim-processing rules "must be enforced."[15]  Here, the Government invokes the statute's exhaustion requirement.  To exhaust administrative remedies, "a defendant must file a request with the warden of his institution of incarceration."[16]  Defendant offers no evidence of exhaustion along with his motion, and he did not file a reply responding to the Government's invocation of the

---

[11] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[12] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[13] *McGee*, 992 F.3d at 1043.

[14] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[15] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017); *see also United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021) (explaining that the statute's exhaustion rule "is mandatory, rather than judicially waivable"); *United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s] exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here.").

[16] *United States v. Gieswein*, No. 22-6014, 2022 WL 2841835, at *2 (10th Cir. July 21, 2022).

exhaustion rule.  Because the exhaustion requirement is a mandatory condition that has been properly invoked by the Government, the Court must dismiss Defendant's compassionate release motion without prejudice to refiling if and when he exhausts his administrative remedies.[17]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 140) is **dismissed without prejudice**.

**IT IS SO ORDERED**

Dated: May 12, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[17] *See United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) ("Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice.").