**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JAMES DEWAYNE BARNETTE,**<br><br>**Defendant.** | **Case No. 77-20014-JAR-1** |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant James Dewayne Barnett's[1] Motion to Reinstate and Show Pending Administrative Exhaustion to Warden (Doc. 144). The Government did not file a response, although it did respond to Defendant's earlier-filed motion for compassionate release on the merits.[2] The Court has considered all of the relevant filings and is prepared to rule. For the reasons provided below, the Court grants Defendant's motion to reinstate his compassionate-release motion and denies Defendant's reinstated motion for compassionate release.

## **I. Background**

On July 5, 1977, a jury found Defendant guilty on charges of kidnapping, in violation of 18 U.S.C. § 1201; assault, in violation of 18 U.S.C. § 113(a); and maiming, in violation of 18 U.S.C. § 114.[3] On August 9, 1977, United States District Judge Earl E. O'Connor sentenced Defendant to life imprisonment on the kidnapping count, 20 years on the assault count, and 7

---

[1] Defendant's last name is spelled "Barnette" in the case caption and the Superseding Indictment. As explained in the Court's last two orders, the correct spelling of his name is "Barnett." *See* Doc. 133 at 1 n1.; Doc. 142 at 1 n.1. The Court therefore uses "Barnett" in this Order.

[2] Doc. 141.

[3] Doc. 36.

years on the maiming count, with each sentence to run concurrently.[4] These sentences were ordered to run consecutively to the 10-year sentence Defendant was then serving for a prior conviction for sodomy and intent to commit rape.[5]

Less than a decade later, on August 7, 1985, Defendant pleaded guilty in the Western District of Oklahoma to assaulting a correctional officer with a deadly weapon at FCI El Reno, in violation of 18 U.S.C. §§ 111 and 1114.[6] He was sentenced to a 10-year term of imprisonment, to run consecutively "to any other sentence imposed."[7]

Barnett is incarcerated at FCI Butner in Butner, North Carolina. He has no projected release date given his life sentence.

On March 8, 2021, Barnett filed a motion for compassionate release on the ground that the combination of his age and medical conditions placed him at an increased risk of severe illness from COVID-19.[8] The Court denied that motion, and the Tenth Circuit affirmed.[9]

Defendant filed a second motion for compassionate release on March 4, 2026, citing his advanced age, medical conditions, and rehabilitation.[10] Defendant stated that he exhausted his administrative remedies on his first motion for compassionate release, but did not claim to have exhausted this second motion. The Government responded, invoking the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A), and arguing that the motion failed on the

---

[4] Doc. 45.

[5] *Id.*

[6] W.D. Okla. Case No. 85-00188.

[7] *Id.*

[8] Doc. 117.

[9] Docs. 133, 139.

[10] Doc. 140.

merits even if the Court finds that Defendant exhausted his remedies.[11] On May 12, 2026, the Court dismissed Plaintiff's motion for compassionate release without prejudice for failure to demonstrate that he exhausted his administrative remedies.[12] Now, Defendant moves to reinstate his motion for compassionate release, providing new evidence that he did, in fact, exhaust his administrative remedies with the Warden.

## II. Motion to Reconsider

The Court liberally construes Defendant's motion to reinstate as a motion for reconsideration of the Court's May 12, 2026 Order dismissing his compassionate-release motion without prejudice.[13] Under D. Kan. Rule 7.3, "[a] motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[14]

Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[15] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The Court previously denied Defendant's compassionate-release motion because he failed to attach proof of exhaustion, and the Government invoked lack of exhaustion in its response. Defendant attaches to his motion to

[11] Doc. 141.

[12] Doc. 142; *see United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021) (explaining that exhaustion under § 3582(c)(1)(A) is a mandatory claim-processing rule that the Court must enforce when the Government invokes it).

[13] *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[B]ecause [defendant] appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

[14] *See* D. Kan. Rule CR1.1 (providing that Rule 7.3 applies in criminal proceedings).

[15] Pub. L. No. 115-391, 132 Stat. 5194.

reinstate administrative exhaustion documents from June 2026,[16] and asks that the Court reconsider his motion for compassionate release on the merits now that he has shown exhaustion. The Government did not file a response to this motion.

Defendant submits new evidence of exhaustion, and the Government did not respond and oppose Defendant's request. The Court therefore grants Defendant's unopposed motion to reconsider, reinstates the motion for compassionate release, and considers it on the merits below.[17]

## III. Compassionate Release Standards

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed;' but the rule of finality is subject to a few narrow exceptions."[18] One such exception is "compassionate release," under 18 U.S.C. § 3582(c)(1)(A)(i).[19] Before reducing a term of imprisonment under this provision, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[20] The Court may deny the motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and

[16] Doc. 144 at 21.

[17] The Court has considered the Government's original response on the merits in ruling on Defendant's motion for compassionate release.

[18] *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)).

[19] *Rutherford v. United States*, 608 U.S. 454, 458 (2026).

[20] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (setting forth three-step framework).

do[es] not need to address the others."[21] If the Court grants the motion, however, it must address all three steps.[22]

**A. Extraordinary and Compelling Reasons**

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant" a sentence reduction before it may grant the motion. This "is a demanding standard."[23] The Supreme Court recently explained that "[w]hile the terms 'extraordinary' and 'compelling' leave room for judgment, they are not so flexible as to encompass any consideration. Their meaning depends on context: A reason is 'extraordinary' and 'compelling' only if it is sufficiently unusual and convincing to 'warrant' compassionate release."[24] "The heartland 'extraordinary and compelling reasons' that might warrant an early release from prison [are] age, illness, [and] a child left with no guardian."[25]

The Court's authority to find extraordinary and compelling circumstances that warrant compassionate release "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission."[26] On November 1, 2023, a new Sentencing Commission policy statement became effective that is "plainly applicable to motions for sentence reductions filed by either the Director of the Bureau of Prisons or a defendant."[27] The policy statement lists grounds that constitute extraordinary and compelling circumstances, and provides additional guidance for courts. The listed grounds are

---

[21] *McGee*, 992 F.3d at 1043 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

[22] *Id.*

[23] *Fernandez v. United States*, 608 U.S. 411, 422–23 (2026).

[24] *Rutherford v. United States*, 608 U.S. 454, 468 (2026) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

[25] *Fernandez*, 608 U.S. at 426.

[26] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

[27] *United States v. Bradley*, 97 F.4th 1214, 1217 n.1 (10th Cir. 2024).

medical circumstances, age, family circumstances, whether the defendant was a victim of abuse while in custody, "other reasons," and whether the defendant served an "unusually long sentence."[28]

Defendant argues that his unusually long sentence, age, medical conditions, and rehabilitation constitute extraordinary and compelling circumstances that warrant compassionate release. The Court considers each in turn.

**1. Unusually Long Sentence**

Defendant first argues that he is entitled to compassionate release under U.S.S.G. § 1B1.13(b)(6) based on his unusually long sentence. Section 1B1.13(b)(6) provides that "[i]f a defendant received an unusually long sentence and has served at least 10 years . . . , a change in the law . . . may be considered" in determining whether he presents extraordinary and compelling reasons, "but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."

Defendant has served at least ten years of his sentence. And he was originally sentenced in 1978, well before the Sentencing Reform Act of 1984, which "abandoned indeterminate sentencing and parole in favor of a system in which Sentencing Guidelines, promulgated by a new Sentencing Commission, would provide courts with 'a range of determinate sentences for categories of offenses and defendants.'"[29] But Defendant does not point to a gross disparity between the law that applied to him in 1978 and how he would be sentenced today under the guidelines. And even if this policy statement otherwise applied to Defendant, the Supreme Court recently determined that a nonretroactive sentencing disparity cannot constitute extraordinary

[28] U.S.S.G. § 1B1.13(b).

[29] *Tapia v. United States*, 564 U.S. 319, 324 (2011) (quoting *Mistretta v. United States*, 488 U.S. 361, 368 (1989)).

and compelling circumstances for compassionate release, and the unusually-long-sentence policy statement exceeded the Sentencing Commission's statutory authority.[30] Thus, Defendant has not demonstrated extraordinary and compelling circumstances on the basis of an unusually long sentence.

**2. Age and Medical Condition**

Next, Defendant contends that his age and myriad medical conditions are extraordinary and compelling circumstances that warrant compassionate release. As discussed above, personal circumstances such as age and serious medical conditions are considered "heartland" grounds for compassionate release.[31] The Sentencing Commission's policy statement provides that extraordinary and compelling reasons exist where the defendant is suffering from a terminal illness, a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, such that the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[32] Likewise, extraordinary and compelling circumstances exist where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."[33] Under U.S.S.G. § 1B1.13(b)(2), extraordinary and compelling circumstances exist where a "defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental

---

[30] *Rutherford v. United States*, 608 U.S. 454, 472–73 (2026).

[31] *Id.* at 466–67; *Fernandez v. United States*, 608 U.S. 411, 426 n.5 (2026).

[32] U.S.S.G. § 1B1.13(b)(1)(B).

[33] *Id.* § 1B1.13(b)(1)(C).

health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."

Defendant raised these issues in his first compassionate release motion in 2021, which the Court denied.[34] At that time, the Court considered Defendant's age, which was 65 years' old at the time, and his medical conditions, which included obesity, type 2 diabetes, asthma, and episodic bradycardia. At that time, Defendant urged the Court to also consider whether these conditions placed him at increased risk of severe illness from COVID-19. But the record demonstrated that Defendant was vaccinated against COVID-19, which mitigated any increased risk of severe illness, and that his "age and medical conditions do not constitute 'extraordinary and compelling reasons' warranting his release under § 3582(c)(1)(A)."[35] Thus, the Court considers whether Defendant has presented new evidence on this second motion for compassionate release that changes the Court's earlier determination.

Plaintiff's motion does not identify any medical conditions or record support for his claim that his medical conditions qualify as extraordinary and compelling, but he did attach some medical records to his briefs. Plaintiff claims in his motion for reconsideration that he suffers from "a terminal debilitating medical condition," that he has suffered from sexual and physical abuse in custody, and that he has developed a heart condition that requires a pacemaker. The only medical record he attached to his filing, however, is for a head CT from 2005 after he suffered stab wounds while in custody. The Court finds no evidence in the record that suggests Defendant's medical conditions are not well controlled by medication and other treatments provided by the BOP, that he requires long-term or specialized medical care that is not being

---

[34] *See* Doc. 133.

[35] *Id.* at 12.

provided, or that he is experiencing a serious deterioration in physical or mental health because of the aging process. Thus, Defendant does not demonstrate extraordinary and compelling circumstances warrant compassionate release on the basis of his age and/or medical conditions.

**3. Rehabilitation**

Finally, Defendant asks the Court to consider his rehabilitation while in prison. He attaches to his motion evidence of programming and awards he received during his very long period of incarceration. The Court applauds Defendant's efforts at rehabilitation during his confinement. But Congress has made clear that "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason" for compassionate release.[36] Because the Court has already determined that no other grounds are present that constitute extraordinary and compelling circumstances, it cannot consider Defendant's rehabilitation in isolation.

In sum, the Court finds that Defendant is not eligible for compassionate release because he has not demonstrated that extraordinary and compelling reasons justify such relief.

**C. Section 3553(a) Factors**

Assuming, *arguendo*, that Defendant could demonstrate extraordinary and compelling circumstances for compassionate release, the Court considers the factors set forth in § 3553(a) in light of post-sentencing developments.[37] Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . .

---

[36] 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d).

[37] *See Concepcion v. United States*, 597 U.S. 481, 486 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion."); *Pepper v. United States*, 562 U.S. 476, 491 (2011) (stating that evidence of post-sentencing conduct "may be highly relevant" under § 3553(a)).

to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[38] "[T]he facts allegedly establishing extraordinary and compelling reasons for release . . . . are relevant to the § 3553(a) analysis."[39]

The Court considered these factors in 2021, and the same considerations apply today. The Court has reviewed Defendant's most recent motion and attachments and finds no distinguishing facts that warrant a different analysis. As the Court previously explained, Defendant is serving a life sentence for serious and violent offenses—kidnapping, assault, and maiming. The event giving rise to this particular sentence involved a brutal assault, as well as threats of rape and murder. Prior to these offenses, Defendant was charged or arrested several times for rape and sodomy. In fact, at the time the underlying offenses occurred, Defendant was serving a ten-year sentence after a conviction by court-martial for intent to commit rape and sodomy. And then later in 1985, again while in custody, Defendant assaulted a female correctional officer "with the intent of performing sexual intercourse."[40] Barnett stabbed the victim's face, throat, neck, and right eye with a steel rod sharpened to a point. Barnett subsequently pleaded guilty to assaulting a correctional officer with a deadly weapon, and he was sentenced to a 10-year term of imprisonment, to run consecutively to any other sentence imposed. In short, Barnett's lengthy criminal history, which began as a juvenile and continued unabated into adulthood, indicates that he carries a propensity for sexual violence. These facts

---

[38] 18 U.S.C. § 3553(a).

[39] *United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024) (quoting *United States v. Hald*, 8 F.4th 932, 943 (10th Cir. 2021)).

[40] W.D. Okla. Case No. 85-00188, PSR at 1.

bear on several of the § 3553(a) factors and weigh decidedly against compassionate release. Specifically, they relate to the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentences imposed to reflect the seriousness of the offense, the need for adequate deterrence, and protection of the public from further crimes of Defendant.

The Court also finds that the history and characteristics of Defendant since his conviction do not support compassionate release. Although he has shown initiative by earning his GED in prison, completing a range of educational and vocational courses and teaching other inmates to read music and play instruments, the Court is not assured that his pattern of sexual violence will not repeat itself if he is released. Defendant has a lengthy disciplinary record that includes infractions for attempted sexual assault and possessing a weapon in 1994, and again for possessing a weapon in 2004. And although the BOP classifies Defendant's recidivism risk as "low,"[41] the United States Parole Commission ("Commission") denied him mandatory parole on January 22, 2022, finding that "there is a reasonabl[e] probability you will commit a future federal, state or local crime," and that "you have seriously violated the rules of the institution" including by committing violent sexual assaults while incarcerated."[42] Thus, "the Commission continues to view you as an untreated violent sexual offender."[43]

In sum, notwithstanding Defendant's encouraging efforts while in custody to educate himself and other inmates, the § 3553(a) factors do not support compassionate release, even if Defendant was able to demonstrate that extraordinary and compelling circumstances are present. Thus, the motion for compassionate release is denied.

---

[41] Doc. 125-3.

[42] Doc. 144 at 32.

[43] *Id.*

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Reinstate and Show Pending Administrative Exhaustion to Warden (Doc. 144) is **granted**. Defendant's Reinstated Motion for Compassionate Release (Doc. 140) is **denied**.

**IT IS SO ORDERED**

Dated: November 16, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE